McILHENNY et al. v. HATHAWAY et al.

(District Court; E. D. New York. April 18, 1912.)

TRADE-MARKS AND TRADE-NAMES (§ 60*)—VIOLATION—INJUNCTION.

A manufacturer of pepper sauce is entitled to enjoin violation of his trade-mark by a fraudulent bottling and labeling of his genuine product obtained by fraud, as well as a fraudulent bottling of imitation product under an imitation label.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 73, 74; Dec. Dig. § 60.*]

In Equity. Suit by Mary E. McIlhenny and others against Frank P. Hathaway and others. On demurrer to the complaint. Decree for complainants.

Strong & Cadwalader (Hugh A. Bayne, of counsel), for complainants.

Purdy, Squires & Rowe, for defendants.

CHATFIELD, District Judge. The defendants have not appeared in support of a demurrer interposed to a complaint alleging violation of trade-mark by the attempted sale in this country of certain bottles of pepper sauce, bearing a label alleged to be an identical imitation of that of the complainants, and showing the complainants' trade-mark "Tabasco."

It appears from the allegations of the complaint that the goods were fraudulently bottled and labeled from a quantity in bulk actually manufactured by the complainants and taken from them by fraud. If these goods be not the ones so described, then the contents themselves, as well as the packages, have been made in imitation of the genuine product of the complainants. Upon preliminary injunction, this court has held that the complainants were entitled to an injunction enjoining the sale, removal, or disposal of the goods involved in the suit until final hearing, and this established an apparently valid prima facie case on the face of the pleadings. McIlhenny et al. v. Hathaway et al., decided December 28, 1905.

The demurrer calls in question the allegations of the same complaint upon which the preliminary injunction was granted, and admits as well the allegations of that complaint. It would appear that this admission covers either cause of action as alleged, namely, that the contents are genuine, but are mislabeled without authority, or that the entire package is an imitation.

If the contents are genuine, and are placed before the public in such form that a person buying the article would not, if the goods were in fair condition, ascertain that he had not secured a product legally sold under the complainants' trade-mark, and even if this customer were not injured by the use of the particular goods, and might be inclined to purchase the genuine article in the future, nevertheless, the inviolability of the product placed upon the market, the reputation of the complainants, and the safe protection of the public requires a holding that such use of genuine goods is of itself a violation of the rights of

the complainants to have their goods issued only under the genuine trade-mark. On the other hand, the possibility of adulteration or change in putting out what has been referred to as "originally genuine" goods, and the injury to the owner of the trade-mark, from imitations which could not be easily traced to the responsible party by legal proof, or would not be easily detected by the public in the ordinary way, is further reason why the complainants are entitled to protection.

For these reasons, both the preliminary injunction seems to have been proper, and the defendants, by demurring and admitting the complainants' allegations, have placed themselves in a position where, unless their default be excused, they should be prevented from further acts of the same character. The complainants may have an order overruling the demurrer and directing that a decree be entered granting judgment absolute, unless the default be opened and proper answer be interposed within 10 days.